# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kenyon Riddick,<br>    Plaintiff,<br><br>v.<br><br>Captain Herlock, et al.,<br>    Defendants. | 1:12cv1240 (TSE/TRJ) |

FILED NOV 30 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Kenyon Riddick, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that staff at Prince William Manassas Regional Jail violated his constitutional rights when they opened his legal mail and deprived him of personal property. Plaintiff has paid the filing fee. He commenced this action by filing a complaint in the Circuit Court of Prince William County, Virginia. Defendants Herlock, Chan, Wittaker, and Hong were served on or about October 17, 2012. They filed a Notice of Removal and Motion to Dismiss the plaintiff's claims concerning the deprivation of his property in this Court on November 6, 2012. Defendants Mails, Faux, Bay, and Justice were not served. Plaintiff filed a Motion for Extension of Time to reply to the Motion to Dismiss on November 26, 2012.

For the reasons stated below, plaintiff's claim regarding his right to privacy in his legal documents must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1] Additionally, defendants' Motion to Dismiss must be

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

granted in part and deferred in part. It must be granted as to plaintiff's claim regarding his right to possess his hygiene kit and commissary items. However, the Motion to Dismiss must be deferred as to plaintiff's allegations concerning the confiscation of his Qu'ran and legal documents. Plaintiff must particularize and amend these claims, and provide evidence of complete exhaustion of these claims. Plaintiff's Motion for Extension of Time to reply must be denied, as moot.

## I. Background

Plaintiff states that, on May 20, 2012, he asked Officer Simpson to notarize an "affidavit document dealing with my case with my lawyer." Compl. 3, ECF No. 1. He alleges that Officer Simpson then "reads my legal document, then tells me I don't need it notarized." Id. He asked Officer Simpson "why are you reading my legal document before you make a decision to notarize it." Id. He alleges that she asked him why he is sending it to his lawyer and repeated that he did not need it notarized. Id. He claims that she then proceeded to "read my affidavit page for page." Id. He states that the "affidavit was my lawyer-client privledge [sic] documents which shouldn't have been read accept [sic] by myself and my lawyer. . . . [This] puts me in harms [sic] way because what she read could be used against me in court . . . ." Id.

Plaintiff states in his second claim that, on June 10, 2012, he did not receive all of his personal property after he transferred cells. Id. He alleges that "my hygiene, my food products that were bought from the commissary, my Holy Qu'ran, and lawyer-client privilege documents were missing." Id. at 4. He states that his legal documents include an "affidavit supporting my legal case and documents stating my social security number, family address, [and] past criminal

---

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

convictions . . . ." Id. He also states that he needs his copy of the Qu'ran "to make my prayers for the day." Id. His property was not returned to him after he transferred back to his original cell. Id. He claims that he filed several grievances but has not yet gotten his property back. Id.

## II. Standards of Review

### A. Failure to State a Claim

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995)). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

3

level . . .", Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

B. Motion to Dismiss

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S., at 561 (internal citations omitted); see Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. Twombly, 550 U.S. at 556 n.3.

4

## III. Analysis

A. Right to Privacy in Legal Documents

Plaintiff's allegation that Officer Simpson violated his right to privacy by reading his legal document does not state a claim on which relief can be granted. Mail and documents that are legal in nature and that belong to inmates should undoubtedly receive special treatment by prison officials, U.S. v. Stotts, 925 F.2d 83, 89 (4th Cir. 1991), but prison officials can open a prisoner's legal documents if the prisoner is present, cf. Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that legal mail can be opened in inmate's presence). However, unless a document is appropriately marked—as "confidential" or as a legal document, for example—an inmate cannot expect an official to know that the document is confidential in nature. Here, plaintiff was present when Officer Simpson viewed his affidavit. Additionally, plaintiff does not allege that he had marked the document as "confidential" or "legal" material. Therefore, he had no expectation of privacy in the contents of the document, and his claim and Officer Simpson must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.

B. Deprivation of Property

1. Hygiene Kit and Food Products

Defendants' Motion to Dismiss must be granted as to plaintiff's claim that defendants deprived him of his hygiene kit and food items purchased at the commissary. Such a claim is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XVI § 1. Thus, to violate procedural due process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Where a deprivation of property results from an established

5

state procedure, due process requires the state to provide a pre-deprivation hearing. See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). However, in certain circumstances, the availability of meaningful post-deprivation procedures satisfies the requirements of due process, such as where it is impractical to provide a meaningful hearing prior to an alleged deprivation. Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a deprivation is caused by the random, unauthorized acts of a state employee). The rule in Parratt applies with equal force to negligent as well as intentional deprivations by state employees. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a "shakedown").

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. The Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Here, plaintiff has not alleged that he has been denied post-deprivation procedures to redress the loss of his property; on the contrary, he states that he used the administrative grievance process. Therefore, he has not stated a constitutional claim. Whether plaintiff alleges that he was deprived of his property negligently or intentionally, the availability of post-deprivation procedures is sufficient to satisfy the requirements of due process. Furthermore, because the availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment. Therefore, defendants' Motion to Dismiss must be granted as to this claim.

2. Qu'ran and Legal Documents

Defendants' Motion to Dismiss must be deferred as to plaintiff's claim that defendants deprived him of his Qu'ran and legal documents, and plaintiff must particularize and amend this claim. District courts have a duty to construe pleadings by pro se litigants liberally; however, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him. As presented, plaintiff has not stated a claim concerning the deprivation of his copy of the Qu'ran and his legal documents, but he must be given the opportunity to particularize and amend his allegations.

a. *Qu'ran*

Plaintiff appears to allege that defendants have violated his First Amendment Free Exercise Clause right by confiscating his copy of the Qu'ran. Although plaintiff does not have the right to possess personal property, the First Amendment protects an individual's right to the free exercise of religion. U.S. Const. amend I. Although incarcerated, a prisoner still "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). To merit protection under the Free Exercise Clause of the First Amendment, a plaintiff must satisfy two threshold criteria. First, plaintiff must allege that his belief or beliefs are sincerely held. Wisconsin v. Yoder, 406 U.S. 205, 215–16 (1972). Second, plaintiff also must demonstrate that his claim is rooted in "religious" and not "purely secular" philosophical

concerns. Id.; see Thomas v. Review Bd. of Indiana Employment Security Div., 450 U.S. 707, 713–14 (1981) ("Only beliefs rooted in religion are protected by the Free Exercise Clause, which by its terms, gives special protection to the exercise of religion."). To be recognized as religious, sincerely held beliefs need not be "acceptable, logical, consistent, or comprehensive to others," Thomas, 450 U.S. at 714; based on the existence of a supreme being or beings, see Torcaso v. Watkins, 367 U.S. 488, 495 & n. 11 (1961); Myers v. Loudon County Public Schools, 418 F.3d 395, 411 (4th Cir. 2005) (quoting Torcaso, 367 U.S. at 495 n.11 for the proposition that the "Supreme Court has long recognized that some religions practiced in this country 'do not teach what would generally be considered to be a belief in the existence of God'"); or based in or on a mainstream faith. See Thomas, 450 U.S. at 714.

This does not end the analysis, for inmates' constitutional rights must be evaluated within the context of their incarceration. The Supreme Court has emphasized that "when an institutional restriction infringes a specific constitutional guarantee, such as the First Amendment, the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979); accord, Dettmer v. Landon, 799 F.2d 929 (4th Cir. 1986), cert. denied, 483 U.S. 1007 (1987). At the same time, it is well recognized that "courts are ill equipped to deal with the increasingly urgent problems of prison administration." Procunier v. Martinez, 416 U.S. 396, 405 (1974). "Running a prison is an inordinately difficult undertaking," and courts acknowledge that the task of doing so is "peculiarly within the province of the legislative and executive branches of government." Turner v. Safley, 482 U.S. 78, 84–85 (1987). Therefore, "courts must accord deference to the officials who run a prison, overseeing and coordinating its many aspects, including security, discipline, and general administration." Lovelace v. Lee, 472 F.3d 174, 200 (4th Cir. 2006). A prisoner's federal constitutional rights, including his sincere desire to practice

a religion, may be burdened upon a showing that the restriction is reasonably related to legitimate penological interests. O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (citing Turner, 482 U.S. at 89). For his claim to proceed, plaintiff must show that depriving him of the Qu'ran is not reasonably related to a legitimate penological interest or regulation. As such, defendants' Motion to Dismiss must be deferred as to the deprivation of plaintiff's Qu'ran.

   b. *Legal Documents*

  Plaintiff appears to allege that his right to meaningful access to the courts has been denied because defendant Hong and Officer Faux confiscated plaintiff's legal documents that he needs for his ongoing criminal case. While inmates cannot assert a constitutional claim concerning the right to keep personal property, inmates do have a right to meaningful access to the courts, which requires that individuals acting under color of state law cannot hinder an inmate in his efforts to pursue a legal claim. Bounds v. Smith, 430 U.S. 817, 822 (1977)); Lewis v. Casey, 518 U.S. 343 (1996); see also Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993). To state a claim for denial of access to the courts, plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out *a prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004). Therefore, defendants' Motion to Dismiss must be deferred as to the deprivation of plaintiff's legal documents.

### c. *Opportunity to Amend*

Plaintiff's allegations concerning the confiscation of his copy of the Qu'ran and of his legal documents are merely conclusory, and he has not stated sufficient facts to support them. Additionally, plaintiff names only defendant Hong and Officer Faux, who has not been served, in connection with these claims. Other than naming defendants Herlock, Chan, and Wittaker—and Officers Justice, Ray, and Mails, who have not been served—in the case caption of his complaint, plaintiff does not allege that the other officers participated in depriving plaintiff of the Qu'ran or his legal documents.

Furthermore, the complaint fails to comply with Federal Rules of Civil Procedure 10(b) and 8(a). Federal Rule of Civil Procedure 10(b) requires that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim." As explained by the United States Court of Appeals for the Eleventh Circuit:

> These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 n. 57 (11th Cir. 2008) (quoting Fikes v. City of Daphne, 79 F.3d 1079, 1082–83 (11th Cir. 1996)).

To assist pro se litigants, courts have devised form § 1983 complaints that include instructions on how the complaint should be drafted and pose questions designed to elicit

relevant information. Because plaintiff did not submit a form complaint, and because this Court did not have an opportunity to screen this action before defendants were served, plaintiff must particularize and amend his allegations concerning the other defendants and the confiscation of his Qu'ran and legal documents on a form § 1983 complaint. As plaintiff will be given thirty days to amend his complaint, his Motion for Extension of Time will be denied, as moot.

## IV. Exhaustion of Administrative Remedies

Finally, plaintiff must show that he has exhausted his administrative remedies before his claims concerning the confiscation of his Qu'ran and legal documents may proceed. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). To bring this action in the federal courts, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time it is unclear whether plaintiff completely exhausted his institution's administrative remedies. Before this action may proceed, plaintiff will be required to submit additional information concerning his exhaustion of administrative remedies. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

## VI. Conclusion

For the above-stated reasons, plaintiff's claim regarding his right to privacy in his legal documents must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Defendants' Motion to Dismiss must be granted in part and deferred in part. It must be granted as to plaintiff's claim concerning his right to possess the

hygiene kit and commissary items. However, the Motion to Dismiss must be deferred as to plaintiff's allegations concerning the confiscation of his Qu'ran and legal documents. Plaintiff must particularize and amend these claims, and provide evidence of complete exhaustion of these claims. Finally, plaintiff's Motion for Extension of Time to reply must be denied, as moot. An appropriate order shall issue.

Entered this 30th day of November 2012.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia